# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

CONTINENTAL WESTERN INSURANCE CO.,

    Plaintiff,

v.                                                Case No. 05-2453-CM-DJW

AL'S CUSTOM CUTTING, INC., et al.,

    Defendants.

## MEMORANDUM AND ORDER

On September 12, 2006, Rodgers & Associates Insurance, Inc. ("Rodgers & Associates") filed a Motion to Intervene (doc. 25). No existing party to this action has filed a pleading in response to Rodgers & Associates' request to intervene. For this reason, and for the reasons stated below, the Motion to Intervene will be granted.

## Background

Defendant Al's Custom Cutting, Inc. ("ACCI") operates a harvesting business that uses heavy farm equipment. ACCI, acting through Rodgers & Associates, submitted an application for insurance to Continental Western Insurance Company ("Continental"). Continental ultimately issued a workers' compensation policy to ACCI effective July 7, 2004 through June 21, 2005.

On July 11, 2004, Harold Froling, allegedly an ACCI employee, received serious injuries in an accident. Froling sued ACCI in the United States District Court for the Eastern District of Texas. A $3,800,000 judgment ultimately was entered on behalf of Harold Froling in this Texas case.[1]

---

[1] Although originally represented in the Texas case by a defense-oriented law firm, ACCI engaged a local personal injury law firm as substitute counsel approximately forty-five days prior to trial. Shortly after ACCI substituted its counsel, an agreement was reached between the parties to forego a jury trial and have the case submitted to the court.

The case currently pending before this Court is a declaratory judgment action regarding construction of the worker's compensation insurance policy ("the Policy") issued by Plaintiff Continental in favor of Defendant ACCI ("the Kansas litigation"). More specifically, Plaintiff Continental requests the Court determine whether injuries sustained by Harold Froling are covered under the Policy issued by Continental.

In its pleading, Rodgers & Associates states that ACCI recently filed a lawsuit against Rodgers & Associates in Texas ("the Texas litigation"). Rodgers & Associates is the insurance agency through whom the Continental policy was issued. Rodgers & Associates further states that in order to be successful in its claims against Rodgers & Associates in the Texas litigation, ACCI will need to demonstrate that injuries sustained by Harold Froling are not covered under the Policy issued by Continental. Rodgers & Associates maintain that, based on these facts, ACCI may not have a full incentive to vigorously defend the Kansas litigation. Accordingly, Rodgers & Associates seeks leave to intervene in this action as a party Defendant to ensure that there is a just and proper resolution of the coverage issues in the Kansas litigation. Again, no existing party to this action has filed a pleading in response to Rodgers & Associates' request to intervene.

## Discussion

Rule 24(b) authorizes the court to allow anyone to intervene in an action "upon timely application . . . (2) when an applicant's claim or defense and the main action have a question of law or fact in common."[2] The court is to consider "whether the intervention will unduly delay or

---

[2] Fed. R. Civ. P. 24(b).

prejudice the adjudication of the rights of the original parties" when deciding whether to allow intervention.[3] The rule is to be construed liberally in favor of intervention.[4]

Three requirements for permissive intervention are apparent in the rule. These are (1) the application is timely; (2) there are common questions of law and fact between the movant's claim and the underlying action; and (3) the intervention will not unduly delay or prejudice adjudication of rights of the original parties. The Court finds Rodgers & Associates' has met these three requirements.

Here, Rodgers & Associates is not seeking to intervene to assert a separate, but related claim. Instead, Rodgers & Associates is seeking to intervene on the very issue that is before the Court, i.e., whether the policy affords coverage for the Froling accident. As such, Rodgers & Associates' claims and defenses in this action have identical questions of law or fact in common with the claims asserted by Continental. Moreover, given the somewhat relaxed scheduling order in this litigation, there is no reason why allowing Rodgers & Associates to intervene in this case would cause any delay. Nor will adding Rodgers & Associates prejudice the parties. In fact, allowing Rodgers & Associates to intervene will make things easier for the parties. In the event that the Court determines that coverage does not exist under the policy that ruling could be binding upon all the parties to this litigation in any subsequent proceeding. Thus, adding Rodgers & Associates to this case will reduce the chance of having to relitigate these same issues in the Texas litigation.

Because Rodgers & Associates' claims and defenses in this matter involve factual and legal matters that are identical to those raised by Plaintiff's complaint, and because allowing Rodgers &

---

[3] *Id.*

[4] *Utah Ass'n of Counties v. Clinton*, 255 F.3d 1246, 1249 (10th Cir. 2001) ("This circuit takes a somewhat liberal line in allowing intervention.") (citations omitted).

Associates to intervene in this matter will not cause delay or prejudice the parties, Rodgers & Associates should be permitted to intervene in this matter pursuant to Fed. R. Civ. P. Rule 24(b).

Accordingly, Rodgers & Associates' Motion to Intervene (doc. 25) is granted and the proposed answer and counterclaim attached to Rodgers & Associates' Motion to Intervene shall be electronically filed and served by Rodgers & Associates no later than **October 27, 2006.**

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 11th day of October, 2006.

s/ David J. Waxse  
David J. Waxse  
United States Magistrate Judge

cc:   All counsel and *pro se* parties